UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE TREASURER,

        Plaintiff,        CIVIL ACTION NO. 05-CV-74195-DT

vs.

                          DISTRICT JUDGE ROBERT H. CLELAND

KENNETH BEDWELL,

                          MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendant.
_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

This Court recommends that Plaintiff's Motion to Remand (Docket ## 5,6) be **GRANTED** and that the case be **REMANDED** to Oakland County Circuit Court.

**II.    CASE SUMMARY**

On August 23, 2005 Plaintiff filed suit in Oakland County Circuit Court against Defendant seeking to recover the costs of Defendant's incarceration pursuant Michigan's State Correction Facility Reimbursement Act ("SCFRA"); Mich. Comp. Laws § 800.401 *et seq.* (Pl.'s Ex. 2, "Complaint").  The Michigan Treasurer may seek reimbursement under SCFRA for said costs from a prisoner's "assets", which includes income or payments from pension funds.  Mich. Comp. Laws § 800.401a.  Plaintiff alleges in its complaint that Defendant receives or is entitled to receive his deceased wife's pension benefits from General Motors Corporation ("GMC").  (Pl.'s Ex. 2, "Complaint").  Plaintiff therefore asked the Circuit Court to order, in part, that Defendant advise GMC to send his pension benefits

to his legal address at the State prison where he is incarcerated and that the warden of said prison make monthly distributions from Defendant's prison account to Plaintiff as reimbursement for costs of Plaintiff's incarceration.  (Pl.'s Ex. 2, "Motion for Order to Show Cause").

On August 25, 2005 Oakland Circuit Court Judge Deborah G. Tyner issued an order to show cause why: (1) Plaintiff should not be entitled to seize Defendant's beneficiary pension funds from GMC; and (2) Defendant should not be ordered to notify GMC of his current legal address at the State correctional facility where he is incarcerated for the purposes of receiving his pension funds.  (Pl.'s Ex. 2, "Order to Show Cause").

On November 2, 2005 Defendant filed a Notice of Removal alleging removal is appropriate under the preemption provisions of the Employee Retirement Income Security Act ("ERISA") (Docket # 1).  Plaintiff filed a Motion For Remand on November 23, 2005 (Docket ## 5, 6).  Defendant filed his response on December 8, 2005 (Docket # 7).  District Court Judge Robert H. Cleland referred this matter to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Plaintiff's Motion For Remand is now before this Court.

The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, this motion will be resolved without oral argument pursuant to E.D. MICH. LR 7.1(e)(2).

**III.**   <u>**LAW AND ANALYSIS**</u>

Defendant alleges in his Notice of Removal that Plaintiff's state law SCFRA claims are preempted by federal law under ERISA, 29 U.S.C. § 1000 *et seq.*, and violate ERISA's

2

anti-alienation provision, 29 U.S.C. § 1056(d)(1).  Plaintiff contends that this Court lacks subject matter jurisdiction over its SCFRA claims and seeks remand to the Oakland County Circuit Court.

A defendant may remove an action to federal court but only if he proves that the district court has "original jurisdiction" over the action.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction to hear cases that arise "under the Constitution, laws or treaties of the United States".[1]  28 U.S.C. §§ 1331.  A federal court ordinarily relies upon the "well-pleaded complaint" rule to determine if a case falls within its purview.  *Gully v. First Nat'l Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000).  The "well-pleaded complaint" rule makes the plaintiff the master of the claim.  *Ahern v. Charter Township of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996).  As such, federal jurisdiction does not exist over a case in which the face of a properly pleaded complaint rests solely on a state law claim.  *Long*, 201 F.3d at 758, quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

Furthermore, a defendant may not re-characterize a complaint based on state law by simply asserting federal preemption as a defense in order to establish a basis for removal.  *Caterpillar,* 482 U.S. at 398.  This is because "[r]emoval and preemption are two distinct concepts." *Michigan Department of Treasury v. Michalec*, 181 F.Supp.2d 731, 735 (E.D. Mich. 2002).

However, federal jurisdiction may nevertheless exist to make removal appropriate

---

[1]  A federal court also has jurisdiction over cases with citizenship diversity.  28 U.S.C. § 1332.  The parties do not assert such diversity here.

if federal law *completely* preempts the subject matter of the conflicting state law claim. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Warner v. Ford Motor Co.*, 46 F.3d 531, 533-34 (6th Cir. 1995). In such a case, the state law claim is extinguished and replaced in the complaint by the federal law claim. *Id.*

There are two relevant statutes under ERISA that address the propriety of removing a complaint based on a state law claim to federal court: 29 U.S.C. §§ 1132 and 1144. Section 1132 provides that "anyone who qualifies as a 'participant or beneficiary' of an employee benefit plan may sue under ERISA to enforce various rights conferred by ERISA." *Alexander v. Electronic Date Systems, Corp.* 13 F.3d 940, 943 (6th Cir. 1994); *see also Warner,* 46 F.3d at 533-35. State law claims or defenses that are equivalent to a section 1132 claim are completely preempted by ERISA and are therefore removable to federal court. *Wright v. Gen. Motors Corp.,* 262 F.3d 610, 613-14 (6th Cir. 2001).

Section 1144 provides that state court actions that "relate to any employee benefit plan" are also pre-empted by ERISA. *Alexander*, 13 F.3d at 943. However, such claims or defenses are not removable to federal court. *Id.* at 945; *Warren*, 46 F.3d at 535.

Plaintiff in its state court action does not seek to enforce its rights under an ERISA plan as a beneficiary or participant. Thus, Plaintiff's claim does not come within the purview of 28 U.S.C. § 1332. *Michalec*, 181 F.Supp.2d at 735-36; *State Treasurer v. Ebright*, No. 97-CV-10069-BC (E.D. Mich. Oct. 9, 1997)(Pl. Ex. 1, p. 1).

Plaintiff instead seeks an order under SCFRA to compel the re-assignment of Defendant's pension plan benefits from GMC to Defendant's prison account. This Court has held that to the extent Plaintiff's claim seeks to compel such a re-assignment of pension benefits, SCFRA is preempted by ERISA under 28 U.S.C. § 1144 and violates

ERISA's anti-alienation provision under 29 U.S.C. § 1056(d)(1).  See *Walters v. Cox*, 342 F.Supp.2d 670, 674-75 (E.D. Mich. 2004); *Roberts v. Baugh*, 986 F.Supp. 1074, 1077-78 (E.D. Mich. 1997).[2]  Nevertheless, the validity of Defendant's defense to Plaintiff's SCFRA claim under federal law does not permit removal of this case to federal court.  *Michalec*, 181 F.Supp.2d at 735-36; *Ebright*, No. 97-CV-10069-BC (E.D. Mich. Oct. 9, 1997)(Pl. Ex. 1, pp. 1-2). Rather, such a defense would be decided in the state courts and subject to certiorari review in the Supreme Court.[3]  *Michalec*, 181 F.Supp.2d at 735, citing *Warner*, 46 F.3d at 535.

Based on the foregoing reasons, this Court recommends that Plaintiff's Motion for Remand (Docket ## 5,6) be **GRANTED** and this case be **REMANDED** to the Oakland County Circuit Court.

### IV.    NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not

---

[2] The Sixth Circuit also recently held that various SCFRA provisions are preempted by ERISA and violate ERISA's anti-alienation provisions.  See *DaimlerChrysler Corp. v. Cox,* 447 F.3d 967 (2006).

[3] The Michigan Supreme Court has already rejected an argument that SCFRA violates ERISA's anti-alienation provisions.  See *State Treasurer v. Abbott*, 468 Mich. 143, 660 N.W.2d 714 (2003), *cert. denied*, 540 U.S. 1112, 124 S.Ct. 1038, 157 L. Ed. 2d 901 (2004).

preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the
 objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 20, 2006          s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE


**Proof of Service**

I hereby certify that a copy of this order was served upon Counsel of Record on this date.

Dated: June 20, 2006          s/ Lisa C. Bartlett
                              Courtroom Deputy

6