UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE TREASURER,

    Plaintiff,

v.                                      Case No. 05-CV-74195-DT

KENNETH BEDWELL,

    Defendant.
_____/

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION AND REJECTING DEFENDANT'S OBJECTIONS**

On June 20, 2006, Magistrate Judge Mona K. Majzoub issued a report and recommendation in the above-captioned matter, recommending that the court remand the case to the Oakland County Circuit Court for lack of subject matter jurisdiction. On June 28, 2006, Defendant filed timely objections to the Magistrate Judge's report and recommendation. For the reasons stated below, the court will reject Defendant's objections, adopt the report and recommendation, and remand the case to the state court.

**I. STANDARD**

**A. Review of Reports and Recommendations**

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See *United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously

reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).  The court may "receive further evidence" if desired.  *Id.*

A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context.  A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately."  *Walters*, 638 F.2d at 949-50.  The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case.  The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute."  *Id.* at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review;  making some objections but failing to raise others will not preserve all the objections a party may have."  *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## B.  Removal

Federal courts are courts of limited jurisdiction.  In removal actions, the removing defendants bear the burden of establishing federal subject matter jurisdiction.  *See*

*Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-454 (6th Cir. 1996) (citing *Carson v. Dunham,* 121 U.S. 421, 425-26 (1887)).  Removal statutes are to be strictly construed.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941) ("'Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the [the removal] statute has defined.'") (quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934)); *see also Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999) ("In interpreting the statutory language, we are mindful that the statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction.").  Any doubt should be resolved in favor of remand.  *Brierly*, 184 F.3d at 534.  The Sixth Circuit has specifically directed "in the interest of comity and federalism, federal jurisdiction should be exercised only when it is clearly established."  *Id.*

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."  *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987).  Thus, in cases such as this one where there is no allegation of diversity of citizenship, federal-question jurisdiction is required.  *Id.*

## II.  DISCUSSION

Defendant makes three[1] objections to the Magistrate Judge's report and recommendation.  After making a *de novo* review of each objection and its underlying facts, the court will reject Defendant's objections and adopt the Magistrate Judge's

---

[1] Although Defendant makes his final objection under the banner of his second objection, the court views it as a distinct third objection and will address it as such.

report.

### A. Objection # 1

Defendant argues that the Magistrate Judge erred in finding that Plaintiff's state court action did not seek to enforce its rights under an Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*, plan as a beneficiary or participant. (Def.'s Obj. at 1-2.) Defendant's objection is not persuasive. Plaintiff filed its action in state court under Michigan's State Correction Facility Reimbursement Act ("SCFRA"), Mich. Comp. Laws § 800.401a *et seq*, for the purpose of reassigning Defendant's pension plan benefits[2] to his prison account. Under the well-pleaded complaint rule, *see Long v Bando Mfg. Of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000), therefore, Plaintiff did not state a federal cause of action. Although federal ERISA law preempts a wide swath of state law, *see* 28 U.S.C. § 1132(a)(1)(B), it does not necessarily follow that Defendant has a right of removal to federal court. *Dept. of Treasury v. Michalec*, 181 F.Supp.2d 731, 735 (E.D. Mich. 2002) (stating that "[r]emoval and preemption are two distinct concepts"). In other words, a state action that merely relates to a pension or employee benefit plan is not automatically subject to removal. *Id.*; *see also Wright v. Gen. Motors Corp.*, 262 F.3d 610, 613-614 (6th Cir. 2001). Instead, Defendant's federal preemption defense would be decided in state court and then subject to review on

---

[2]The pension benefits are those of Plaintiff's deceased wife, who worked for General Motors Corporation ("GM"). (Pl.'s Motion for Remand, ¶ 2.)

*certiorari* in the U.S. Supreme Court. *Id.*[3]  Therefore, because Plaintiff does not seek to enforce any rights under ERISA, it did not present a federal cause of action that Defendant could remove from state court.

## B.  Objection #2

Defendant next contends that the anti-alienation provisions of ERISA bar the re-assignment Plaintiff seeks, specifically in light of *Walters v. Cox*, 342 F. Supp. 2d 670 (E.D. Mich. 2004).  In *Walters,* the court considered a prisoner's federal claim challenging state seizure, subsequent to state-court orders, of his pension benefits. *Id.* at 671-672.  It appears instead that Defendant relies on the fact that the federal court in *Walters* disagreed with the state court and expressed a different opinion regarding the scope of ERISA's preemption of SCFRA.   However, *Walters* did not implicate the rules of removal because it concerned a separate federal action filed by a prisoner after his pension benefits were confiscated in a state action under SCFRA.  *Id.* at 673-674.  Because Defendant initiated the instant case in state court and seeks only to rely on ERISA as a defense, *Walters* is distinguishable.  Moreover, as discussed above,

---

[3]Indeed, the Michigan Supreme Court has reached a similar issue and held that SCFRA does not violate the anti-alienation provisions of ERISA.  *State Treasurer v Abbott*, 660 N.W.2d 714 (2003), *cert. denied*, 540 U.S. 1112 (2004). In *DaimlerChrysler Corp. v. Cox,* 447 F.3d 967 (6th Cir. 2006), the Sixth Circuit disagreed with the Michigan Supreme Court and held that it is a violation of ERISA's anti-alienation provision to require a pension plan to update a prisoner's address and send his benefits to an account that is subject to confiscation.  *Id.* at 975-976.  Nonetheless, the court did not decide the question of whether the state could compel the prisoner himself to direct his benefits to an account subject to confiscation, which is the factual scenario in this case.  According to the court, "we are not passing, however, on the question of whether state officials can compel prisoners to send their address changes to the Pension Plan because that issue is not before us." *Id.* at 976.  Moreover, *DaimlerChrysler* concerned, unlike this removal case, an original action in federal court seeking declaratory relief to void state-court orders and notices. *Id.* at 968.

preemption and removal are separate concepts.[4] Accordingly, the court is not persuaded that the reasoning in *Walters* should control in this case and mandate a right to removal.

### C. Objection #3

Finally, Defendant contends that Plaintiff's cause of action is not ripe because he has not laid claim to his pension benefits and therefore there is no money to collect. (Def.'s Obj. at 2-3.) However, Defendant has not denied that he is entitled to the pension benefits. He avers "that he in fact has a property interest right to the pension fund benefits in question . . . ." (12/8/05 Def.'s Resp. to Mot. for Remand at 5). Additionally, Plaintiff in the first instance alleged that it was aware that Defendant was either already receiving or at least "eligible to receive" the pension benefits. (Pl.'s Mot. for Remand at ¶ 2). The court is therefore not persuaded that Plaintiff's claim lacks ripeness. Defendant instead presents a question better decided in a state court action. Namely, this case hinges first on whether SCFRA, a Michigan statute, authorizes prison officials to compel a prisoner to initiate payment of pension benefits to an account subject to confiscation.

### III. CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's June 28, 2006 objections [Dkt. # 10] are REJECTED and the Magistrate Judge's June 20, 2006 report

---

[4]Furthermore, in *Walters* the federal court did not disturb the outcome in the state court pursuant to the *Rooker-Feldman* doctrine, which instead requires appeal in the state courts subject to review by the U.S. Supreme Court. *Walters*, 342 F. Supp. 2d at 675-676 (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)).

and recommendation [Dkt. # 9] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.  IT IS FURTHER ORDERED that Plaintiff's motion for remand [Dkt # 5] # 16] is GRANTED.

      s/Robert H. Cleland                   
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 27, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 27, 2006, by electronic and/or ordinary mail.

      s/Lisa Wagner                       
Case Manager and Deputy Clerk
(313) 234-5522